LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

780 THIRD AVENUE, 48TH FLOOR
NEW YORK, NEW YORK 10017-2024
TELEPHONE: (212) 355-9500
FACSIMILE: (212) 355-9592
mail@lchb.com
www.lchb.com

DANIEL P. CHIPLOCK
PARTNER

SAN FRANCISCO
NASHVILLE

July 17, 2008

<u>VIA FACSIMILE (212) 805-7930</u>

Honorable James C. Francis
United States Magistrate Judge
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 1960
New York, NY 10007

   Re: *R.S. Bassman v. Richard F. Syron, et al.*,
     C.A. No. 08-CV-02423-BSJ-JCF

Your Honor:

  Plaintiff in this shareholder derivative action is a stockholder of Freddie Mac (a/k/a Federal Home Loan Mortgage Corporation). In accordance with your Honor's Individual Practices, Plaintiff submits this cover letter in connection with Plaintiff's Rule 26(f) Report and Proposed Scheduling Order, which is being filed today as required under the federal rules.

  Plaintiff is filing the accompanying written report and proposed scheduling order on his own behalf after meeting and conferring with Defendants under Fed. R. Civ. P. 26(f). Rule 26(f) states that "the parties *must,* as soon as practicable and in any event *at least 21 days before* a scheduling conference is held or *a scheduling order is due under Rule 16(b)*, confer to," among other things, "make or arrange for the disclosures required by Rule 26(a)(1), to discuss any issues relating to preserving discoverable information, and to develop a proposed discovery plan that indicates the parties' views and proposals concerning (1) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when [such] disclosures . . . were made or will be made; (2) *the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues,*" and other issues. (Emphasis added). The rule also states that "[t]he attorneys of record . . . are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and *for submitting to the court within 14 days after the conference a written report outlining the plan.*" (Emphasis added).

  Fed. R. Civ. P. 16(b) requires that a court "*shall,* after receiving the report from the parties under Rule 26(f)...enter a scheduling order that," at a minimim, "limits the time (1) to

774293.1

Honorable James C. Francis
July 17, 2008
Page 2

join other parties and to amend the pleadings; (2) to file motions; and (3) to complete discovery." (Emphasis added). That order *"shall issue* as soon as practicable but in any event within 90 days after the appearance of a defendant and *within 120 days after the complaint has been served on a defendant."* (Emphasis added). Our calculations accordingly fix the latest possible due date for the Rule 16(b) scheduling order at July 24, 2008 (or 120 days after service of the complaint on a number of the defendants in this case).

In accordance with the timeline mandated by the rules, Plaintiff's counsel requested that the parties meet and confer on or before July 3, 2008 (or twenty-one days prior to the deadline for submission of a Rule 26(f) report). The parties did hold several telephonic conferences on the topics described in the accompanying submission prior to July 3, 2008, during which time Plaintiff advised counsel for Defendants of Plaintiff's understanding of the parties' duties and obligations under Rules 16(b) and 26(f). Plaintiff then submitted a proposed joint Rule 26(f) statement and scheduling order to Defendants for their review and comment one week ago. Indeed, the parties negotiated a thirty-day extension of time for Plaintiff to respond to nominal defendant Freddie Mac's motion to transfer or, in the alternative, stay the case in order to facilitate the parties' scheduling discussions.

On the evening of July 15, Defendants advised Plaintiff that, notwithstanding the highlighted language of Rule 16(b) and 26(f) quoted above, Defendants did not think it necessary or appropriate to submit a Rule 26(f) statement or for the Court to enter a Rule 16(b) scheduling order in this case at this time. Plaintiff's counsel requested authority from Defendants to support Defendants' position, and reminded Defendants that, absent such authority, a Rule 26(f) report still could be made to the Court that set out the parties' diverging views concerning scheduling and other matters, which the Court could then settle at a Rule 16(b) scheduling conference. Without responding substantively to Plaintiff's request or suggestion, Defendants' counsel requested a hearing this morning, the date on which the Rule 26(f) statement is due, so as to seek "guidance" on the issue of whether Rule 26(f) is even applicable at this time while a motion to transfer or stay is pending.

Plaintiff submits that the federal rules are clearly written, and no "guidance" on this point (and thus no telephonic hearing) is necessary. Plaintiff's position has been well known to Defendants for several weeks now, and Plaintiff has previously made clear both his understanding of, and intention to abide by, the federal rules. As Defendants have declined to join in submitting Rule 26(f) report – even one that sets forth differences in the parties' viewpoints concerning scheduling in this matter – and have provided Plaintiff with no authority absolving the parties and the Court of the duties and obligations under Rules 16(b) and 26(f), Plaintiff now makes his present submission of a Rule 26(f) statement and proposed scheduling order solely on his own behalf.

774293.1

Honorable James C. Francis
July 17, 2008
Page 3

      Thank you for your kind attention to this matter. Plaintiff's counsel are available to answer any questions concerning the above, as well as to attend any scheduling conference or hearing that the Court notices.

                              Respectfully yours,

                              Lieff, Cabraser, Heimann & Bernstein, LLP

                              Daniel P. Chiplock

cc:    All counsel (via ECF and email)

774293.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.S. BASSMAN, Derivatively on Behalf of FREDDIE MAC a/k/a Federal Home Loan Mortgage Corporation and its shareholders,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD F. SYRON, PATRICIA L. COOK, ANTHONY S. PISZEL, EUGENE M. McQUADE, RICHARD KARL GOELTZ, STEPHEN A. ROSS, SHAUN F. O'MALLEY, ROBERT R. GLAUBER, THOMAS S. JOHNSON, BARBARA T. ALEXANDER, WILLIAM M. LEWIS, JR., JEFFREY M. PEEK, GEOFFREY T. BOISI, RONALD F. POE, WASHINGTON MUTUAL, INC., PRICEWATERHOUSECOOPERS, LLP, KERRY K. KILLINGER, ANTHONY R. MERLO, JR., FIRST AMERICAN CORPORATION, FIRST AMERICAN EAPPPRAISEIT, COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME EQUITY LOAN TRUST, COUNTRYWIDE BANK, FSB , COUNTRYWIDE HOME LOANS, LANDSAFE, INC. and ANGELO R. MOZILO,<br><br>Defendants,<br><br>and<br><br>FREDDIE MAC a/k/a Federal Home Loan Mortgage Corporation,<br><br>Nominal Defendant. | ECF Case<br><br><br><br><br><br><br>08-CV-02423 (BSJ)(JCF)<br><br><br><br><br><br><br><br><br><br>PLAINTIFF'S RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER |

The parties have held conferences pursuant to FED.R. CIV.P. 26(f), but have been unsuccessful in their efforts to jointly propose a scheduling order that would set out for the Court both their areas of agreement and disagreement. In light of the requirement under FED.R. CIV.P.

16(b) that a discovery plan and scheduling order be entered to govern further proceedings in this case on or before July 24, 2008 (or 120 days after the service of the complaint on a defendant), and that the parties confer under FED.R. CIV.P. 26(f) no later than twenty-one days prior to that date and submit a written Rule 26(f) statement within fourteen days of that conference, Plaintiff R.S. Bassman respectfully submits this proposed discovery plan and scheduling order for the Court's consideration. As defendants have declined to join in this filing, the proposals set forth below are those of Plaintiff only:

    **1) Pending Motion**: Nominal Defendant Freddie Mac's Motion to Transfer or, Alternatively, Stay the Case is currently pending. Plaintiff proposes that proceedings on that motion adhere to the following schedule:

    a. Plaintiff will have ninety (90) days from the date of entry of this order to conduct discovery relevant to his response to that motion. The topics on which that discovery shall focus primarily are:

- The identity and locations of the corporate headquarters and other offices of Washington Mutual, Inc., PricewaterhouseCoopers, LLP, First American Corporation, First American eAppraseIT, Countrywide Financial Corporation, Countrywide Home Equity Loan Trust, Countrywide Bank, FSB, Countrywide Home Loans, Landsafe Inc., and their subsidiaries.

- The identity and locations of the firms that have underwriten, distributed, and otherwise sold Freddie Mac debt, mortgage-backed securities, and other securities in the last five years,

including the volume sold by each such firm for each of the past five years.

- The identity and locations of the capital markets in which Freddie Mac has sold its stock, debt obligations, and other securities in the past five years.

- (i) The volume of Freddie Mac debt obligations, mortgage-backed securities, and other securities issued through the Federal Reserve Bank of New York for each of the past five years; (ii) the volume of other Freddie Mac transactions, that is, all funds transfers, made through the Federal Reserve Bank of New York for each of the past five years; and (iii) the nature and volume of fiscal agent, depository, and other services provided to Freddie Mac by the Federal Reserve Bank of New York for each of the past five years.

- The identity and location of the loan originator offices, including both mortgage lenders and brokers, from whom Freddie Mac has purchased mortgages, mortgage-backed securities, and other securities in the past five years.

- The location of the shareholders of record of Freddie Mac.

- The composition and background of, and the plan of investigation to be performed by, Freddie Mac's Special Litigation Committee ("SLC"), including but not limited to: the membership and structure of the SLC, the experts to be employed, the individuals to

        be interviewed, the documents to be reviewed, and the timeframe in which the investigation is to be completed.

- The status of the SLC's investigation to date.
- The work to be performed by Hunton & Williams with respect to the SLC's investigation, as well as any past services rendered by Hunton & Williams to Freddie Mac and/or its Board of Directors (or any committee thereof) concerning any prior shareholder derivative action.

  b. Plaintiff's response to the motion will be due thirty (30) days after the close of this discovery.

  c. Freddie Mac's reply will be due thirty (30) days after Plaintiff's opposition is filed.

## 2) **Answers or Other Responses to the Complaint**:

  a. Defendants' answers or other responses to the complaint will be due thirty (30) days after (a) the Court denies the Motion to Transfer or, Alternatively, Stay the Case (b) the Court transfers the case to a different venue, or (c) any stay of the case expires or is lifted.

  b. Should Defendants respond to the complaint with motions, responses to such motions will be due forty-five (45) days after the motions are filed.

  c. Replies in support of such motions will be due twenty (20) days after responses are filed.

3) **Discovery**:

   a. Disclosures under FED.R.CIV.P. 26(a) will be made on or before fourteen (14) days after the Court enters this order or an alternative scheduling order pursuant to FED.R.CIV.P. 16(b).

   b. Fact discovery other than that specified above in item (1) will be stayed during the pendency of Nominal Defendant Freddie Mac's Motion to Transfer or, Alternatively, to Stay the Case. Thereafter, fact discovery will be conducted for a period of up to eighteen (18) months after either (a) the denial of the pending Motion to Transfer or, Alternatively, Stay the Case, (b) the case is transferred to a different venue, or (c) any Court-ordered stay of the case expires or is lifted.

   c. The parties agree to meet and confer and present to the Court a joint discovery plan that specifically relates to the disclosure or discovery of electronically stored information within fourteen (14) days after either (a) the denial of the pending Motion to Transfer or, Alternatively, Stay the Case, (b) the case is transferred to a different venue, or (c) any Court-ordered stay of the case expires or is lifted.

   d. While this case is pending in this District, Local Rules 26.2 and 26.3 will govern all assertions of claims of privilege and definitions in discovery requests, respectively.

   e. Plaintiff's expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2) will be made fourteen (14) days after the close of fact discovery. Defendants' expert disclosures will be made fourteen (14) days thereafter.

Any rebuttal expert reports will be due fourteen (14) days after defendant's expert disclosures are served. Depositions of Plaintiff's experts will take place within thirty (30) days after the expiration of time for any rebuttal expert reports. Depositions of Defendants' experts will take place within thirty (30) days after the expiration of time for depositions of Plaintiff's experts.

**4) Joinder of Parties:** The deadline for joining additional parties is ninety (90) days prior to the close of fact discovery.

**5) Amendment of Pleadings**: The pleadings may be amended up to and including 30 days prior to the close of all discovery.

**6) Dispositive Motions After Discovery**:

    a. Dispositive motions may be filed fourteen (14) days after the close of all discovery.

    b. Responses to any such dispositive motions will be due forty-five (45) days after the motions are filed.

    c. Replies in support of dispositive motions will be due twenty (20) days after responses are filed.

7) **Pretrial Conference**: The final pretrial conference will be held 14 days after either (a) the close of all discovery if no dispositive motions are filed, or (b) a ruling on any dispositive motion.

Respectfully submitted,

Dated: July 16, 2008

By: /s/ Daniel P. Chiplock
LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
Steven E. Fineman (SF 8481)
Daniel P. Chiplock (DC 1137)
780 Third Avenue, 48th Floor
New York, NY 10017
(212) 355-9500

LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
Richard M. Heimann
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000

CUNEO, GILBERT & LADUCA, LLP
Jonathan w. Cuneo (JC 1112)
Robert J. Cynkar (RC 5309)
David W. Stanley
507 C Street, N.E.
Washington, D.C. 20002
(202) 789-3960

GREENFIELD & GOODMAN, LLC
Richard D. Greenfield (RG 4046)
Marguerite R. Goodman
780 Third Avenue, 48th Floor
New York, New York 10017
(410) 320-5931

*Attorneys for Plaintiff*

**SO ORDERED:**

_____
United States Magistrate Judge
Dated: