**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

R.S. BASSMAN, Derivatively on Behalf of
FREDDIE MAC a/k/a Federal Home Loan
Mortgage Corporation and its shareholders,

        Plaintiff,

    v.

RICHARD F. SYRON, PATRICIA L. COOK,
ANTHONY S. PISZEL, EUGENE M. McQUADE,
MARTIN BAUMANN, RICHARD KARL
GOELTZ, STEPHEN A. ROSS, SHAUN F.
O'MALLEY, ROBERT R. GLAUBER,
BARBARA T. ALEXANDER, WILLIAM M.
LEWIS, JR., JEFFREY M. PEEK, GEOFFREY T.
BOISI, RONALD F. POE, MICHELLE ENGLER,
THOMAS S. JOHNSON, NICHOLAS P.
RETSINAS, WASHINGTON MUTUAL, INC.,
PRICEWATERHOUSECOOPERS, LLP, KERRY
K. KILLINGER, ANTHONY R. MERLO, JR.,
FIRST AMERICAN CORPORATION, FIRST
AMERICAN EAPPPRAISEIT, COUNTRYWIDE
FINANCIAL CORPORATION, COUNTRYWIDE
HOME EQUITY LOAN TRUST, COUNTRY-
WIDE BANK, FSB , COUNTRYWIDE HOME
LOANS, INC.,  LANDSAFE, INC., and ANGELO
R. MOZILO,

        Defendants,

    and

FREDDIE MAC a/k/a Federal Home Loan
Mortgage Corporation,

        Nominal Defendant.

**Case No. 08-cv-2423-BSJ-JCF**

---

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF APPLICATION TO TAKE DISCOVERY

780497.1

## PRELIMINARY STATEMENT

Pursuant to the Court's Order dated July 17, 2008 (the "Order"), Plaintiff R.S. Bassman ("Plaintiff") respectfully submits this reply memorandum in support of his application for leave to take discovery in connection with the Motion to Transfer or Stay (the "Motion") filed by Nominal Defendant Freddie Mac ("Freddie Mac" or the "Company"). By refusing to address the facts and law that present flaws that are fatal to its Motion – under the guise of "saving this argument for later" – Freddie Mac has in fact avoided addressing the very circumstances that justify the discovery sought by Plaintiff. Plaintiff maintains that, based on his review of the law and operative facts since the Order was entered, Freddie Mac's Motion may properly be denied absent any discovery at all. At a minimum, and in the alternative, Plaintiff's discovery application should be granted.

## ARGUMENT

In its opposition to Plaintiff's application, Freddie Mac scolds Plaintiff for suggesting that the Court may deny Freddie Mac's Motion absent any discovery at all. *See* Freddie Mac's Mem. of Law in Opp. to Application to Take Discovery ("Freddie Mac Opp.") at 1-2, 11. Freddie Mac bases its position not on any law or facts that might actually contradict Plaintiff's argument, but rather simply on the fact that the Order provides for separate briefing of Plaintiff's opposition to Freddie Mac's Motion after Plaintiff's discovery application is resolved or any associated discovery is completed. In so arguing, Freddie Mac elevates form over substance. It is true that, pursuant to the Order, Freddie Mac may submit a reply memorandum in support of its Motion on a future date, and was not obligated to justify its Motion (at this time) any more than it already has. But the point of Plaintiff's detailed memorandum setting out the flaws in Freddie Mac's Motion was not to circumvent the Order. The point was to provide the Court with the factual and legal context it

-1-

needs in order to determine whether discovery is necessary or warranted before deciding Freddie

Mac's Motion.

As Freddie Mac is well aware, district courts have broad discretion over discovery and the

efficient management of their dockets. As much as Freddie Mac may wish to the contrary, the

Court's discretionary decision over whether discovery is warranted in this instance cannot be made

in a vacuum. Instead, the decision must be fully informed by the facts of this case and the

governing law concerning transfers and stay applications generally. Plaintiff cannot help it if those

facts and the governing law, while supporting Plaintiff's discovery application, also happen to

fatally undermine Freddie Mac's Motion. For Plaintiff not to point out the latter, at this stage,

would have been extraordinarily inefficient.

As Plaintiff acknowledges in his opening memorandum, it is not typical for courts to permit

discovery related to the activities of a special litigation committee ("SLC") in a shareholder

derivative case until that SLC has filed a motion to dismiss the litigation it was formed to

purportedly investigate. *See* Plaintiff's Application to Take Discovery, and, In the Alternative,

Opposition to Nominal Defendant Freddie Mac's Motion to Transfer or Stay ("Plaintiff's App.") at

25. But this case is not typical. In none of the cases[1] on which Freddie Mac relies for its

opposition to Plaintiff's discovery application did the SLC consist of directors who were interested

parties and/or named defendants in the very litigation they were appointed to investigate. *See*

Plaintiff's App. at 2, 21-23. In none of these cases did the SLC already have eight or more months

to complete its investigation and manage to meet just *once* during the first half of its existence. *Id.*

at 2, 21, 23-24. In none of these cases did the company in question attempt to fabricate a paper

record documenting a purportedly previous "response" to the plaintiff's specific demand. *Id.* at 1-

2, 19-20. And in none of these cases was there the record of a recent example of an SLC appointed

---

[1] *See* Freddie Mac Opp. at 7-10.

by the same company in question having failed to reach any conclusions or produce any report after more than three years of existence. *Id.* at 2-3, 23-24. All of the foregoing facts are present here. All of these facts taken together are more than adequate for the Court to authorize, in its discretion, the very limited discovery that Plaintiff now requests as to the status of the SLC's investigation. *See id.* at 1-3, 19-25. They also, as Plaintiff points out, are sufficient in and of themselves to justify denial of Freddie Mac's request for a stay without the need for Plaintiff or the Company to expend time and money on discovery. *Id.* Pointing this out to the Court now, rather than later, is not "inefficient," as Freddie Mac contends – it is the opposite.

Nor is it "inefficient" for Plaintiff to point out that Freddie Mac has fallen so far short of carrying its burden of demonstrating that transfer of this action is warranted that the Court may forego discovery altogether on that issue as well. *See id.* at 1-3, 8-19. Indeed, the discovery requests proffered by Plaintiff, rather than being "extraordinary and intrusive" as Freddie Mac contends, are specifically tailored to do precisely what Freddie Mac failed to do in its Motion: i.e., ascertain, among other things, whether the convenience of the parties and witnesses would actually be served by transfer of this action. *See* Declaration of Daniel P. Chiplock in Support of Plaintiff's Application to Take Discovery, and, In the Alternative, Opposition to Freddie Mac's Motion to Transfer or Stay ("Chiplock Decl."), Exh. G, H; *see also, e.g., Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 208-09 (S.D.N.Y. 1998) (holding that a movant seeking transfer must "clearly specify" in its affidavit "the key witnesses to be called, along with a statement concerning the nature of their testimony."). If Freddie Mac objects, for instance, to disclosing the identities of witnesses and the nature of their testimony as somehow impinging on the work of the SLC[2], that is not the fault of Plaintiff. If Freddie Mac was either unready to disclose or did not have this information, it should not have asked the Court to transfer this action to begin with.

---

[2] *See* Freddie Mac. Opp. at 2.

Moreover, Freddie Mac's heavy reliance on authority dealing with *forum non conveniens* motions misses the mark.  *See* Freddie Mac Opp. at 3-4.  As the very treatise on which Freddie Mac relies clearly states, "*forum non conveniens* and transfer [under 28 U.S.C. § 1404(a)] should not be confused, either in terms of the standard to be applied by the district court or the very different consequences of granting the motion."  14D Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3828 (2008).  The primary reason why discovery is frowned upon on a *forum non conveniens* motion is that a party from a foreign country should not be subjected to any unnecessary cost of litigating in this country.  *See id.* ("This approach is consistent with the purpose of the *forum non conveniens* doctrine—to protect defendants and the federal courts from expending resources on matters having *little connection to this country* from litigation in an inconvenient forum.") (emphasis added).  Such is not the concern where (as here) a party is a domestic entity and consequently going to have to respond to discovery eventually, no matter where the action is litigated.  Further, even in the *forum non conveniens* context, courts have permitted discovery in order to ascertain whether a plaintiff's chosen venue is appropriate.  *See, e.g., In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litig.*, 131 F. Supp. 2d 1027, 1029-30 (S.D. Ind. 2001) ("[I]t behooves courts to permit discovery on facts relevant to forum non conveniens motions") (citing *Alfadda v. Fenn*, 1994 WL 714254, at *1 (S.D.N.Y. Dec. 22, 1994)); *Vivendi, S.A. v. T-Mobile USA, Inc.*, 2007 WL 1168819, at *2 (W.D. Wash. Apr. 18, 2007) (allowing discovery "narrowly tailored to the question of *forum non conveniens*").

Finally, Freddie Mac dissembles when it argues that Virginia law "mandates" a stay of these proceedings pending completion of the SLC's investigation.  *See* Freddie Mac Opp. at 8.  The plain language of the relevant Virginia statute makes clear that any stay of this action is discretionary, *not* mandatory.  *See* Va. Code Ann. § 13.1-672.1(C) ("If the corporation commences

-4-

a review and evaluation of the allegations made in the demand or complaint, the court *may* stay any derivative proceeding for such period as the court deems appropriate") (emphasis added); *see also* Plaintiff's App. at 19.  Further, under cases construing Virginia law – which Freddie Mac chooses to ignore – the SLC is not a disinterested body that would be capable of rendering a recommendation of dismissal that may be honored by the Court.  *See* Plaintiff's App. at 21-23.[3]  As Plaintiff submitted in his opening memorandum, this fact alone makes meaningless any further delay of this action pending the completion of the SLC's purported investigation.  *Id.*; *see also In re Bank of New York Deriv. Litig.*, No. 99 Civ. 9977, 2000 WL 1708173, at *3 (S.D.N.Y. Nov. 14, 2000) (denying stay motion where SLC consisted of board members who were named as defendants and/or whose membership on the board preceded the filing of the lawsuits).  Freddie Mac would prefer that the parties table this discussion and argue this point at a later date.  Plaintiff submits that this is highly inefficient, and that given the facts of this particular case, the Court may properly exercise its discretion now to deny Freddie Mac's request for a stay.

If Plaintiff's argument that discovery may be unnecessary to the denial of Freddie Mac's Motion quickens the resolution of that Motion, then Plaintiff has fulfilled one of his main obligations as a derivative plaintiff.  Plaintiff's mission is to recoup the damages incurred by the Company from its directors and other responsible parties while minimizing the transaction costs to the Company itself.  In that light, it is Freddie Mac's stubborn refusal to address Plaintiff's detailed arguments in opposition to Freddie Mac's underlying Motion that is "inefficient."  It also

---

[3] An Amended Complaint was filed in this action on August 21, 2008 that added as named defendants both Michelle Engler ("Engler") and Nicholas P. Retsinas ("Retsinas"), two of Freddie Mac's directors who are serving on the SLC along with Robert R. Glauber ("Glauber") (who has been a party to this particular action from its outset).  Prior to August 21, 2008, Engler and Retsinas had been named as defendants in the Related Action (*Esther Sadowsky Testamentary Trust v. Syron, et al.*, No. 1:08-cv-05221-BSJ-JCF), which is currently the subject of a motion to consolidate with this action.

-5-

constitutes legal error, since by so doing, Freddie Mac fails to address the specific facts justifying

the targeted discovery requests that Plaintiff has submitted for the Court's approval.

## CONCLUSION

For all of these reasons, Plaintiff maintains that Freddie Mac's Motion is fatally flawed and

should be denied, but in the alternative, that the specific and targeted discovery submitted by

Plaintiff should be permitted.


Dated: September 3, 2008            By:             /s/ *Daniel P. Chiplock*
                                                        Daniel P. Chiplock

                                    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                    Steven E. Fineman (SF 8481)
                                    Daniel P. Chiplock (DC 1137)
                                    780 Third Avenue, 48th Floor
                                    New York, NY 10017
                                    (212) 355-9500

                                    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                    Richard M. Heimann
                                    275 Battery Street, 30th Floor
                                    San Francisco, CA 94111
                                    (415) 956-1000

                                    CUNEO, GILBERT & LADUCA, LLP
                                    Jonathan W. Cuneo (JC 1112)
                                    Robert J. Cynkar (RC 5309)
                                    David W. Stanley
                                    507 C Street, N.E.
                                    Washington, D.C. 20002
                                    (202) 789-3960

                                    GREENFIELD & GOODMAN, LLC
                                    Richard D. Greenfield (RG 4046)
                                    Marguerite R. Goodman
                                    780 Third Avenue, 48th Floor
                                    New York, New York 10017
                                    (410) 320-5931

                                    *Attorneys for Plaintiff*

-6-

780497.1