UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.S. BASSMAN, Derivatively on Behalf of FREDDIE MAC a/k/a Federal Home Loan Mortgage Corporation and its shareholders,<br><br>    Plaintiff,<br><br>  v.<br><br>RICHARD F. SYRON, et al.,<br><br>    Defendants,<br><br> and<br><br>FREDDIE MAC a/k/a Federal Home Loan Mortgage Corporation,<br><br>    Nominal Defendant. | **Case No. 08-cv-2423-BSJ-JCF** |
| ESTHER SADOWSKY TESTAMENTARY TRUST, Derivatively on Behalf of FREDDIE MAC a/k/a Federal Home Loan Mortgage Corporation and its shareholders,<br><br>    Plaintiff,<br><br>  v.<br><br>RICHARD F. SYRON, et al.,<br><br>    Defendants,<br><br> and<br><br>FREDDIE MAC a/k/a Federal Home Loan Mortgage Corporation,<br><br>    Nominal Defendant. | **Case No. 08-cv-5221-BSJ-JCF** |

**REPLY IN SUPPORT OF PLAINTIFF BASSMAN'S MOTION
TO CONSOLIDATE RELATED CASES, AND FOR ENTRY OF
PROPOSED CASE MANAGEMENT ORDER, AND IN OPPOSITION TO CROSS
MOTION OF PLAINTIFF IN THE RELATED ACTION**

- 1 -

780706.1

- 2 -

## PRELIMINARY STATEMENT

The plaintiff in *Esther Sadowsky Testamentary Trust v. Syron, et al.*, No. 1:08-cv-05221-BSJ-JCF (S.D.N.Y.) (the "Related Action") claims consolidation with *Bassman v. Syron, et al.*, No. 1:08-cv-02423-BSJ-JCF (S.D.N.Y.) ("*Bassman*") is not warranted even though (a) the Court has already deemed the two actions to be "related" and (b) the Complaint in the Related Action involves questions of law and fact that are completely overlapped by those involved in the Amended Complaint in *Bassman* (attached hereto as Exhibit "A"). A review of the operative complaints in these related cases shows that they involve common questions of law and fact arising from the misconduct of the senior management and Board of Directors of Freddie Mac (or the "Company") relating to Freddie Mac's subprime financing and investment activities, and the resulting crisis that has brought Freddie Mac to the point of a near historic financial collapse.

That these cases should be consolidated, and counsel for Plaintiff in *Bassman*, the larger case of broader scope, should be lead counsel, is a matter of common sense. The factual and legal issues raised in the Related Action, and so the practical demands of litigating it, are a subset of the claims asserted in *Bassman* since March 10, 2008 and which will be continue to be litigated in that case. Plaintiff Bassman's motion to consolidate these related cases and for the entry of proposed Pretrial Order No. 1 accordingly should be granted. The Sadowsky Trust's arguments to the contrary rest on mischaracterizations of both Plaintiff Bassman's consolidation motion and the allegations advanced in the *Bassman* Complaint, and should be rejected.

780706.1

## ARGUMENT

### CONSOLIDATION OF THESE RELATED CASES IS WARRANTED AND PROPOSED PRETRIAL ORDER NO. 1 SHOULD BE ENTERED

The Sadowsky Trust complains that either Plaintiff Bassman has presented "no argument" demonstrating the common factual and legal issues shared by these cases, or that he has only presented a "conclusory statement" to that effect. *See* Plaintiff Esther Sadowsky Testamentary Trust's Opp. to Plaintiff Bassman's Motion to Consolidate Related Cases and for Entry of Proposed Case Management Order and In Support of Its Cross-Motion for Entry of Proposed Case Management Order ("Sadowsky Trust Opp.") at 1. While in another case the identification of common factual and legal issues might not be obvious, and so require counsel to burden the Court with extended argument, such a dissertation is not needed here. The Court has already deemed these cases to be "related." Further, in his opening brief, Plaintiff Bassman pointed out that both cases assert claims for breach of fiduciary duty and indemnification, against all but a few of the same defendants, and cited the relevant paragraphs of the complaints in support.[1] *See* Mem. of Law in Support of Plaintiff Bassman's Motion to Consolidate Related Cases and for Entry of Proposed Case Management Order ("Bassman Br.") at 1-2. Additionally, Plaintiff Bassman pointed out that the operative facts of the Related Action largely overlap those in *Bassman*. *Id.* The Sadowsky Trust does not explain how these facts taken together are insufficient to justify consolidation of these related cases. Even a cursory examination of the operative complaints demonstrates that they are both based upon a common nucleus of operative facts, and lay responsibility for Freddie Mac's current circumstances at the feet of its Board of Directors and senior officers.

---

[1] Every one of Freddie Mac's Directors alleged to be responsible for the Company's present circumstances has been named as a defendant in *Bassman*.

These cases do not arise from some obscure dispute known and of interest only to the parties to this litigation. Both the subprime crisis, and Freddie Mac's involvement in it, have been in the forefront of national news in the last six months (following the commencement of *Bassman*). The conclusion that litigation arising from the subprime crisis, such as the Related Case and *Bassman*, involve common questions of fact and law can hardly be controversial. The volume and complexity of litigation arising from this scandal further counsels that such litigation be handled as efficiently as possible.

Contrary to the arguments advanced by the Sadowsky Trust, efficiency is not measured by the style of drafting a complaint, whether many detailed facts are set out in a pleading, whether a complaint contains only a "short and plain statement of the claim," Fed.R.Civ.P.8(a)(2), or any other aspect of litigation strategy or a lawyer's preference. Rather, the question is a practical one. There can be only one actively litigated case **brought derivatively on behalf of Freddie Mac** arising from the wrongdoing alleged in both actions. As these cases are being brought derivatively and *for the benefit of the Company*, common sense dictates that, when one action is entirely overlapped by the other, only the broader of the two actions should be litigated. Despite the differences in the number of named defendants and the language describing their alleged wrongdoing, the discovery in both cases will be essentially the same. The same group of witnesses or otherwise knowledgeable people are likely to be involved in, and their daily lives affected by, the two cases. The same general group of documents and other information sources are likely to examined, and used in evidence, in the two cases.[2]

---

[2] The Sadowsky Trust's argument that consolidation is unnecessary here because it was allegedly found to be unnecessary the last time several shareholder derivative cases were pursued against Freddie Mac overlooks the fact that, in that prior instance, the related shareholder derivative cases were ordered "centralized" in this district for coordination or consolidation, along with at

- 4 -
780706.1

The Sadowsky Trust contends that the "bulk of the facts" at issue in *Bassman* concern a "failure of supervision" that "allowed the Company to be defrauded by third parties." Sadowsky Trust Opp. at 8. It then claims that this focus of the *Bassman* case makes the Company's senior officers and directors victims of these third parties, not wrongdoers in their own right – a posture, they say, at odds with the theory of the Related Case. *Id.* All this is completely untrue, as is apparent from the most summary review of the *Bassman* Complaint. *Compare* Amended Complaint, *Bassman v. Syron, et al.*, No. 1:08-cv-02423-BSJ-JCF (S.D.N.Y.), filed August 21, 2008, ¶¶ 1-3, 4(a)-(g), 12-29, 41-122, 155-172 (allegations involving officer and director wrongdoing) *with id.*, ¶¶ 4(h), 32-40, 123-50, 173-203 (allegations concerning third-party wrongdoing). The allegations in *Bassman* concerning third-party wrongdoing are not premised on mere "failure of supervision" by management, but on the specific wrongdoing of those third-parties which took advantage of the abject failure of Freddie Mac's Board of Directors to conduct the most basic business of the Company. While there are certainly allegations of wholesale wrongdoing by third parties in *Bassman* which caused massive damages to the Company, these flow from the Company's senior officers' and directors' extraordinary obliviousness to what was taking place around them and Freddie Mac. The gross failure to implement risk management at Freddie Mac, management's lax or practically non-existent credit standards, and other breaches of fiduciary duties that constitute the wrongdoing of Freddie's officers and directors are the central issues in both *Bassman* and in the Related Action. The claims of wrongdoing by third-parties in *Bassman* does not excuse or undermine claims challenging the wrongdoing of the officers and directors in either case. The efficiencies to be

---

least one class action, by the Judicial Panel on Multidistrict Litigation ("JPML") under 28 U.S.C. § 1407. Those cases were also consolidated for discovery purposes by Judge Sprizzo. No such consolidated multidistrict litigation ("MDL") currently exists in this litigation.

achieved by consolidation will cause no prejudice to either action.

Finally, Plaintiff Bassman's counsel should be lead counsel, as provided in proposed Pretrial Order No.1, for a variety of reasons, as described in his opening brief. *See* Bassman Br. at 6-9. The Sadowsky Trust touts the capabilities of its counsel, which Plaintiff Bassman does not dispute. However, even assuming the equal capabilities of plaintiffs' counsel in both cases, Plaintiff Bassman's counsel remains the logical choice for lead counsel. After all, *Bassman* is not only the first case filed[3], more than 90 days after Plaintiff Bassman's counsel made the pre-suit written demands required pursuant to Rule 23.1 on Freddie Mac's Board of Directors. His Complaint and Amended Complaint also reflect substantial research and deliberation as to which claims should be asserted derivatively on behalf of the Company. *Bassman* is the umbrella case insofar as it comprehensively addresses the complex and interrelated facts which have caused Freddie Mac to be a candidate for a federal "bail-out." While *Bassman* and the Related Action both assert claims for breaches of fiduciary duty and indemnification, *Bassman* also asserts a claim of unjust enrichment against Freddie Mac's officers and directors, in addition to well-pleaded claims against various third parties with which Freddie Mac did business. *See* Amended Complaint, ¶¶ 161-203. Thus the claims of the Related Action are a lesser included set of the claims in *Bassman*. The practical task of proving the claims pled in the *Bassman* Amended Complaint will, of necessity, encompass the proof of the claims pled in the Related Case. In this circumstance, the counsel who have framed and advanced the broader claims of the *Bassman* case – Plaintiff Bassman's counsel – are the appropriate choice for lead counsel, as provided in

---

[3] It is a "well-settled principle of law" that "where there are two competing lawsuits, the first suit should have priority, absent...special circumstances giving priority to the second." *Spotless Enterprise Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006) (internal quotations omitted). Thus, *Bassman's* posture as the first-filed case also argues for its counsel being appointed lead counsel.

proposed Pretrial Order No. 1.

Without in any way disparaging the work done by counsel for the Sadowsky Trust to prepare their case or in any previous case involving Freddie Mac, or conceding their disappointing, misleading, unnecessary, and somewhat desperate effort to impugn the work of some of Plaintiff Bassman's counsel, the fact remains that the "background" selectively cited by the Sadowsky Trust's counsel is beside the point **in the current litigation**.[4] Counsel for Plaintiff Bassman have taken a more vigorous and comprehensive approach on behalf of Freddie Mac's shareholders than that adopted for the Related Action. As a matter of ability, practice and principle, Plaintiff Bassman's counsel should be lead counsel in the two cases that clearly warrant consolidation.

## CONCLUSION

For the foregoing reasons, and those set out in Plaintiff Bassman's opening brief, the Court should enter proposed Plaintiff Bassman's Proposed Pretrial Order No. 1 consolidating these actions and governing the management of this litigation going forward.

---

[4] Among the Sadowsky Trust's more spurious charges are the claim that the bulk of Plaintiff Bassman's Complaint and Amended Complaint were simply plagiarized from the complaints filed in the class action against Freddie Mac and in the Sadowsky Trust's case. A simple side-by-side comparison of the complaints shows that this is untrue. Further, any substantive similarity of allegations among various complaints serves only to confirm the conclusion that these cases involve common questions or law or fact.

| | |
|---|---|
| Dated:  September 5, 2008 | By:     /s/Jonathan W. Cuneo<br>CUNEO GILBERT & LaDUCA, LLP<br>Jonathan W. Cuneo (JC 1112)<br>Robert J. Cynkar (RC 5309)<br>David W. Stanley<br>507 C Street, N.E.<br>Washington, DC  20002<br>(202) 789-3960<br><br>GREENFIELD & GOODMAN, LLC<br>Richard D. Greenfield (RG 4046)<br>Marguerite R. Goodman<br>780 Third Avenue, 48th Floor<br>New York, NY  10017<br>(410) 320-5931<br><br>LIEFF, CABRASER, HEIMANN &<br>BERNSTEIN, LLP<br>Steven E. Fineman (SF 8481)<br>Daniel P. Chiplock (DC 1137)<br>780 Third Avenue, 48th Floor<br>New York, NY  10017<br>(212) 355-9500<br><br>LIEFF, CABRASER, HEIMANN &<br>BERNSTEIN, LLP<br>Richard M. Heimann<br>275 Battery Street, 30th Floor<br>San Francisco, CA  94111<br>(415)956-1000<br><br>*Attorneys for Plaintiff* |